UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4025 PSG | Date | February 4, 2011 |
|---|---|---|---|
| Title | In Re: Maxine Mintz Blechman | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order Correcting Error and Dismissing Action without prejudice**

     On December 6, 2010, the Court issued an Order to Show Cause why this bankruptcy appeal should not be dismissed for failure to prosecute. *See* Dkt. # 16 (Dec. 6, 2010). Appellant filed a response within the allotted time frame, *see* Dkt. # 17 (Dec. 20, 2010), and, on December 27, 2010, the Court discharged its December 6, 2010 Order. This, however, was error; thus, this *nunc pro tunc* Order vacates the Court's December 27, 2010 Order discharging its prior Order to Show Cause.

     The Court finds that Appellant proffered an inadequate response as to why this action should not be dismissed for failure to prosecute. Rather than filing an Opening Brief, as the Court's December 6, 2010 Order instructed, Appellant's attorney of record submitted a declaration in which he explained that the delay in prosecution is owed to a grand jury indictment against him arising from his legal representation of Appellant's son. *See Sofris Decl.* ¶ 2. Mr. Sofris went on to aver that there is currently a dispute as to whether his representation of Appellant would violate a pre-trial order that was a condition of his release upon recognizance pending trial. *Id.* ¶¶ 3-6. His response neither offered any time frame as to when this issue might be resolved, nor provided a date by which his Opening Brief would be submitted. The Court does not deem this response satisfactory.

     Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *See* Fed R. Civ. P. 41(b). When "circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4025 PSG | Date | February 4, 2011 |
|---|---|---|---|
| Title | In Re: Maxine Mintz Blechman | | |

its intention to do so or providing an adversary hearing before acting." *Link v. Wabash R. Co.*, 370 U.S. 626, 632-633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962).  Here, for reasons previously noted, and given considerations of  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; [and] (3) the risk of prejudice to the defendants," *see Omstead v. Dell, Inc*., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.1986)), the Court finds dismissal of this action without prejudice is appropriate.

**IT IS SO ORDERED.**